*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

*In re* MEL.

---

LINDSEY TOWNE,

      Petitioner-Appellee,

v

MEL,

      Respondent-Appellant.

UNPUBLISHED
December 14, 2023

No. 365552
Washtenaw Probate Court
LC No. 23-000182-MI

---

Before: REDFORD, P.J., and SHAPIRO and YATES, JJ.

PER CURIAM.

Respondent appeals as of right the probate court's order granting the petition for mental-health treatment contending that the petition violated the Mental Health Code, MCL 330.1001 *et seq.*, because respondent was not timely transported to the hospital as ordered by the probate court, and that the Mental Health Code was further violated because law enforcement failed to provide an explanation regarding the lack of compliance with respondent's transport. We affirm.

## I. RELEVANT FACTS AND PROCEEDINGS

A psychologist filed an initial petition on March 2, 2023, for an order that respondent receive mental-health treatment. The petition requested that respondent be transported to and examined at the University of Michigan Psychiatric Emergency Services (PES). The unsigned petition was not accompanied by clinical certificates. That same day, the probate court ordered respondent's transport and examination by PES, indicating that there were no clinical certificates with the initial petition, that respondent required immediate assessment, and that respondent be transported and hospitalized at PES by March 12, 2023, unless law enforcement provided the probate court an explanation why the order was not timely executed. Additionally, the probate court ordered that the examination and clinical certificates be completed within 24 hours after respondent's hospitalization; otherwise, respondent was to be released from the hospital.

The record does not indicate whether respondent was transported to PES for treatment before March 12, 2023. A social worker completed a separate petition for mental-health treatment on March 17, 2023, and marked ¶ 3.a of the form, which stated,

[A]s a result of that mental illness, the individual can reasonably be expected within the near future to intentionally or unintentionally seriously physically injure self or others, and has engaged in an act or acts or made significant threats that are substantially supportive of this explanation.

The second petition indicated: "[Respondent] reports a foreign entity has taken over her body and is causing her sensations that are torturing her. She feels her home is bugged and is putting holes in the wall in search of bugs. She is sending out explicit and graphic emails to neighbors." The petition indicated that the hospital received it on March 18, 2023, at 2:19 p.m. Once filed with the probate court, the second petition was accompanied by two, timely completed clinical certificates dated March 18, 2023, and March 19, 2023.

At the hearing on March 22, 2023, respondent's in-patient psychiatrist testified that respondent was diagnosed with schizophrenia because of respondent's documented diagnosis history and respondent's symptoms associated with schizophrenia, including "the presence of paranoid delusional beliefs" and "the presence of auditory hallucinations." The psychiatrist indicated that respondent was at risk of harm to herself and others, that respondent refused to take medications, and that respondent had no insight regarding her mental illness. The psychiatrist recommended treatment and antipsychotic medication and affirmed that such is the least restrictive means of treatment.

Respondent testified and explained that she had a good support system and could care for herself. Respondent denied that she suffered from any mental illness. She affirmed that she had an outpatient therapist and stated that she presently had contact with her, saw her weekly, and had phone access to her. Respondent denied that she was at risk of harm to herself or others and explained that she did not believe that she needed to be hospitalized. Respondent stated that she was of sound mine, sane, intelligent, and clear thinking but being persecuted in a way that people did not believe her because of lack of enlightenment or imagination to consider the fact that cyber technology reached a level and they did not believe that we could be harmed or harassed with cyber technology.

After closing arguments, the probate court granted the petition and ordered respondent to be hospitalized for 60 days and undergo outpatient treatment not exceeding 180 days. The probate court found that respondent required mental-health treatment because of reasonable expectation of intentional or unintentional harm to herself or others, and that respondent's judgment was so impaired that she lacked an understanding of her need for treatment.

Respondent now appeals.

## II. STANDARDS OF REVIEW

We review de novo matters of statutory interpretation. *West Mich Annual Conf of the United Methodist Church v Grand Rapids*, 336 Mich App 132, 138; 969 NW2d 813 (2021).

When interpreting statutes, our primary goal is to ascertain and give effect to the intent of the Legislature. In doing so, we first turn to the specific language of the statute, considering the fair and natural import of the terms employed, in view of the subject matter of the law. We must examine the statute as a whole, reading

individual words and phrases in the context of the entire legislative scheme. [*In re Portus*, 325 Mich App 374, 381-382; 926 NW2d 33 (2018) (quotation marks and citations omitted).]

We review an unpreserved claim of error for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 764; 597 NW2d 130 (1999).[1] In *Carines*, our Supreme Court explained:

> To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights. The third requirement generally requires a showing of prejudice, i.e., that the error affected the outcome of the lower court proceedings. . . . Finally, once a defendant satisfies these three requirements, an appellate court must exercise its discretion in deciding whether to reverse. Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affected the fairness, integrity or public reputation of judicial proceedings' independent of the defendant's innocence. [*Id*. at 763-764 (quotation marks, and citations omitted).]

## III. ANALYSIS

Respondent argues that the probate court granted a petition that violated MCL 330.1435 and MCL 330.1436. "Proceedings seeking an order of involuntary mental-health treatment under the Mental Health Code for an individual on the basis of mental illness . . . generally are referred to as 'civil-commitment' proceedings." *In re Portus*, 325 Mich App at 382.

MCL 330.1435 provides, in relevant part, as follows:

> (2) If the petition is not accompanied by a clinical certificate, and if the court is satisfied a reasonable effort was made to secure an examination, the court shall order the individual to be examined by a psychiatrist and either a physician or a licensed psychologist.

> (3) The individual may be received and detained at the place of examination as long as necessary to complete the examination or examinations, but not more than 24 hours.

---

[1] Although this Court has recently held that "the plain-error rule of *Carines* does not apply to civil cases," *Tolas Oil & Gas Exploration Co v Bach Servs & Mfg, LLC*, ___ Mich App ___, ___; ___ NW2d ____ (2023) (Docket No. 359090); slip op at 5, the foregoing holding does not apply to civil-commitment cases because, similar to termination-of-parental-right cases, civil-commitment cases present different constitutional considerations than traditional civil cases. See *id*. at ___; slip op at 5 n 3.

-3-

MCL 330.1436 provides, in relevant part, as follows:

> (1) If it appears to the court that the individual will not comply with an order of examination under section 435, the court may order a peace officer to take the individual into protective custody. After the individual is taken into protective custody, a peace officer or security transport officer must transport the individual to a preadmission screening unit or hospital designated by the community mental health services program or to another suitable place for the ordered examination or examinations.

> (2) A court order for a peace officer to take an individual into protective custody and transport the individual as described in subsection (1) must be executed within 10 days after the court enters the order. If the order is not executed within 10 days after the court enters the order, the law enforcement agency must report to the court the reason the order was not executed within the prescribed time period.

On the basis of the first petition for mental-health treatment, the probate court ordered that respondent be transported to PES no later than March 12, 2023. Respondent argues that the probate court violated the Mental Health Code because an examination was not completed until March 18, 2023. Respondent, however, fails to refer to the probate court's final order which indicated that the probate court relied upon the second petition and not the first to determine that respondent required mental-health treatment.

The record indicates that, on March 18, 2023, at 2:19 p.m., respondent presented to the emergency room with "delusions, paranoia, and inappropriate behavior." A second petition was issued on March 17, 2023, and received by the hospital on March 18, 2023, at 4:15 p.m., the day that respondent presented to the emergency room. MCL 330.1423 states:

> A hospital designated by the department or by a community mental health services program shall hospitalize an individual presented to the hospital, pending receipt of a clinical certificate by a psychiatrist stating that the individual is a person requiring treatment, if a petition, a physician's or a licensed psychologist's clinical certificate, and an authorization by a preadmission screening unit have been executed. For an individual hospitalized under this section, a petition shall have been executed not more than 10 days before the presentation of the individual to the hospital, and the petition must meet the conditions set forth in section 434(1) and (2).

A respondent who is hospitalized under MCL 330.1423 (admission by petition) "shall be examined by a psychiatrist as soon after hospitalization as is practicable, but not later than 24 hours, excluding legal holidays, after hospitalization." MCL 330.1430. The "individual may be received and detained at the place of examination as long as necessary to complete the examination or examinations, but not more than 24 hours." MCL 330.1435(3).

In this case, after respondent's admission, two clinical certificates were completed on March 18, 2023, at 3:18 a.m., and March 19, 2023, at 11:13 a.m. Accordingly, the clinical

certificates were completed within 24 hours of respondent's hospitalization and the time that the hospital received the second petition. The probate court, therefore, relied on the valid second petition and accompanying clinical certificates that complied with the Mental Health Code. Accordingly, the petition used for the probate court's determination that respondent required mental-health treatment and the clinical certificates complied with the statutory requirements set by the Mental Health Code.

Affirmed.

/s/ James Robert Redford
/s/ Douglas B. Shapiro
/s/ Christopher P. Yates